UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN DOE subscriber assigned IP ) <br> Address 162.207.22.69, ) <br> ) <br> Defendant. ) <br> ) | Civil Case No. 2:22-cv-12130-MAG-APP |

### MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

Pursuant to Fed. R. Civ. P. 26(d)(1), and upon the attached: (1) Memorandum of Points and Authorities in support of this motion; (2) Declaration of David Williamson in support of this motion; (3) Declaration of Patrick Paige in support of this motion; and (4) Declaration of Susan B. Stalzer in support of this motion, Strike 3 Holdings, LLC ("Plaintiff"), respectfully moves for entry of an order granting it leave to serve a third party subpoena on AT&T U-verse, prior to a Rule 26(f) conference (the "Motion").

1

Dated: 09/15/2022                                              Respectfully submitted,

                                                          **BOROJA, BERNIER & ASSOCIATES PLLC**

                                                          /s/ *Joel A. Bernier*
                                                          By:  JOEL A. BERNIER (P74226)
                                                          Daniel Boroja (P77079)
                                                          49139 Schoenherr Rd.
                                                          Shelby Township, MI 48315
                                                          T: 586-991-7611
                                                          F: 586-991-7612
                                                          Email: Bbclawgroup@gmail.com
                                                          *Attorney for Plaintiff*

## LOCAL RULE CERTIFICATION

I, Joel A. Bernier, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

                                                          /s/ *Joel A. Bernier*
                                                          By:  JOEL A. BERNIER (P74226)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN DOE subscriber assigned IP )<br>Address 162.207.22.69, )<br>)<br>Defendant. )<br>_____ ) | Civil Case No. 2:22-cv-12130-MAG-APP |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

i

## STATEMENT OF ISSUES PRESENTED

<u>Issue Presented</u>: Has Plaintiff demonstrated good cause such that this Court should allow Plaintiff leave to serve a third-party subpoena on Defendant's Internet Service Provider prior to a Rule 26(f) conference?

<u>Plaintiff's Answer</u>: Yes, Doe Defendant is an anonymous Internet user who infringed Plaintiff's copyrights. Plaintiff seeks this Court's permission to subpoena Defendant's ISP so that it may identify Doe, allowing Plaintiff to serve Defendant, and move forward with its case.

# **TABLE OF CONTENTS**

I. INTRODUCTION ...............................................................................................1

II. FACTS ................................................................................................................2

   A. Plaintiff Has a Serious Problem with BitTorrent Infringement .......................2

   B. Plaintiff Brings Its Litigation in Good Faith ....................................................4

III. ARGUMENT .....................................................................................................5

   A. Legal Standard Governing Expedited Discovery Requests To Identify An Anonymous Defendant ....................................................................................5

   B. There Is Good Cause for this Court to Grant Plaintiff's Motion for Leave to Serve Its Subpoena ...........................................................................................7

      1. Plaintiff's Complaint Makes A Prima Facie Claim for Direct Copyright Infringement ................................................................................................7

      2. Plaintiff Identifies the Limited and Specific Information Its Subpoena Seeks That Is Necessary to Serve Doe Defendant .......................................8

      3. There Are No "Alternative Means" to Uncover Doe Defendant's True Identity ........................................................................................................8

      4. The Subpoenaed Information Is Necessary to Advance Plaintiff's Infringement Claim ...................................................................................10

      5. Defendant's Minimum Privacy Interest Is Substantially Outweighed by Plaintiff's Interest in Protecting Its Copyrights from Mass BitTorrent Infringers ...................................................................................................10

   C. Protective Order .............................................................................................11

IV. CONCLUSION ................................................................................................12

# TABLE OF AUTHORITITES

**Cases**

*A&M Records, Inc. v. Napster, Inc.*,
  239 F.3d 1004, 1013 (9th Cir. 2001) ...................................................................8

*Arista Records, LLC v. Doe 3*,
  604 F.3d 110 (2nd Cir. 2012) ..............................................................................6

*Arista Records, LLC v. Does 1-4*,
  No. CV 1:07-1115, 2007 WL 4178641 (W.D. Mich. Nov. 20, 2007) .................10

*Cf. Strike 3 Holdings, LLC v. Doe*,
  No. CV 3:17-1680 (CSH), 2017 WL 5001474 (D. Conn. Nov. 1, 2017) .............9

*Cobbler Nevada, L.L.C. v. Does 1-15*,
  No. CV 2:15-11871, 2015 WL 4276082 (E.D. Mich. July 14, 2015) ..................8

*Cook Prods., Inc. v. Does 1-9*,
  No. CV 3:16-838-DJH, 2017 WL 4077014 (W.D. Ky. Sept. 14, 2017) ...............8

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340, 361 (1991) .....................................................................................7

*Guest v. Leis*,
  255 F.3d 325, 336 (6th Cir. 2001) .....................................................................10

*Hard Drive Prods. v. Doe*,
  No. CV 11-9062, 2012 U.S. Dist. LEXIS 82927 (N.D. Ill. June 14, 2012) .........10

*Malibu Media LLC v. Doe Subscriber Assigned IP Address 69.244.145.197*,
  No. CV 13-11432, 2013 WL 12183671 (E.D. Mich. Sept. 20, 2013) .................11

*Malibu Media LLC v. John Does 1-28*,
  No. CV 12-12598, 2012 WL 7748917 (E.D. Mich. Oct. 31, 2012) .....................12

*Malibu Media, LLC v. John Does 1–16*,
  2012 WL 4717893, at *7 .....................................................................................12

*Malibu Media, LLC v. John Does 1-31*,
  297 F.R.D. 323, 328 (W.D. Mich. 2012) .............................................................9

*Malibu Media, LLC v. John Does 1-9*,
  No. CV 12-12587, 2013 WL 142083 (E.D. Mich. Jan. 11, 2013) ........................6

*Next Phase Distribution, Inc. v. John Does 1-27*,
  284 F.R.D. 165, 171–72 (S.D.N.Y. 2012) ...........................................................9

*Riding Films, Inc. v. John Does 129-193*,
  No. CV 2:13-46, 2013 WL 3322221 (S.D. Ohio July 1, 2013) ..........................11

*Strike 3 Holdings, LLC v. Doe*,
  No. CV 19-10720, 2019 WL 2523591 (E.D. Mich. June 19, 2019) ...................... 5
*Strike 3 Holdings, LLC v. Doe*,
  No. CV 19-11299, 2019 WL 2265171 (E.D. Mich. May 28, 2019) ...................... 6
*Third Degree Films, Inc. v. Does 1-72*,
  No. CV 12-14106, 2012 WL 12931709 (E.D. Mich. Nov. 13, 2012) ............. 6, 10
*United States v. Carpenter*,
  819 F.3d 880, 887 (6th Cir. 2016) ....................................................................... 10

**Statutes**

17 U.S.C. § 106(1) ...................................................................................................8
17 U.S.C. § 410(c) ...................................................................................................7

**Other Authorities**

*American Registry for Internet Numbers Number Resource Policy Manual,*
  available at https://www.icann.org/en/system/files/files/ip-addresses-beginners-
  guide-04mar11-en.pdf..........................................................................................9
*Beginner's Guide to Internet Protocol (IP) Addresses*, available at
  https://www.arin.net/policy/nrpm.html#four2......................................................9
Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal
  Division Before The Committee On Judiciary Subcommittee On Crime,
  Terrorism, And Homeland Security United States House Of Representatives,
  (January 2011) at
  http://www.justice.gov/sites/default/files/testimonies/witnesses/attachments/01/2
  5/11//01-25-11-crm-weinstein-testimony-re-data-retention-as-a-tool-for-
  investigating-internet-child-pornography-and-other-internet-crimes.pdf ..............2

**Rules**

Fed. R. Civ. P. 26(d)(1)........................................................................................1, 5

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**</u>

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff hereby respectfully submits this Memorandum of Points and Authorities in support of its Motion for Leave to serve a third-party subpoena prior to a rule 26(f) conference.

**I.   INTRODUCTION**

Plaintiff, Plaintiff, Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") is the owner of original, award winning motion pictures featured on its brand's subscription-based adult websites. Unfortunately, Strike 3's success has led users on the Internet to illegally infringe its works on a very large scale. Indeed, Strike 3's motion pictures are among the most infringed content in the world. *See* Declaration of David Williamson, ("Williamson Decl."), attached hereto as Exhibit "A."

Strike 3, using its proprietary forensic software, VXN Scan ("VXN"), monitored and detected the infringement of Strike 3's content. *See id.* at ¶ 40. VXN discovered that Defendant's IP address was illegally distributing several of Strike 3's motion pictures. *See* Declaration of Patrick Paige, attached hereto as Exhibit "B". This IP address is assigned to Defendant by his or her Internet Service Provider ("ISP"), which is the only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity. *Id*. at ¶

1

22. As a result, Plaintiff now seeks leave to serve limited, immediate discovery on Defendant's ISP, AT&T U-verse (AT&T U-verse) so that Plaintiff may learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate service. Further impelling expediency, Defendant's ISP only maintains the internal logs of the requested information for a brief period of time.[1]

Plaintiff seeks leave of Court to serve a Rule 45 subpoena on Defendant's ISP. This subpoena will only demand the true name and address of Defendant. Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information, Plaintiff cannot serve Defendant nor pursue this lawsuit and protect its copyrights.

## II. FACTS

### A. Plaintiff Has a Serious Problem with BitTorrent Infringement

Strike 3 holds title to the intellectual property associated with the *Blacked*, *Blacked Raw*, *Tushy*, and *Vixen* adult brands (the "Brands"), including the copyrights to each of the motion pictures distributed through the Brands' sites and the trademarks to each of the Brand's names and logos. Williamson Decl. at ¶ 13.

---

[1] *See, e.g.*, Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee On Judiciary Subcommittee On Crime, Terrorism, And Homeland Security United States House Of Representatives, (January 2011) at http://www.justice.gov/sites/default/files/testimonies/witnesses/attachments/01/25/11//01-25-11-crm-weinstein-testimony-re-data-retention-as-a-tool-for-investigating-internet-child-pornography-and-other-internet-crimes.pdf, stating: "Some [ISP] records are kept for weeks or months; others are stored very briefly before being purged."

Strike 3 is owned entirely by General Media Systems ("GMS") and has existed since 2015. *Id.*

Although it started out small, the Brands' websites now host approximately 15 million visitors each month. *Id.* at ¶ 14. This success is no fluke. Strike 3's philosophy has always been to pay artists and models an amount above that being paid by other companies, focusing on delivering superior quality films. *Id.* at ¶¶ 15–17. Moreover, Strike 3's motion pictures are known for having some of the highest production budgets of any in the adult industry. *Id.* at ¶ 19.

Because of this commitment to quality, the websites for the Brands have a subscriber base that is one of the highest of any adult sites in the world. *Id.* at ¶ 20. Strike 3 is also currently the number one seller of adult DVDs in the United States. *Id.* at ¶ 21. Finally, Strike 3's content is licensed throughout the world, including by most major cable networks. *Id.* at ¶ 22. This success has led to numerous awards being bestowed upon Strike 3, such as "adult site of the year," "best marketing campaign – company image," and "best cinematography." *Id.* at ¶ 23. Unfortunately, piracy is a major threat and causes tremendous damage to Strike 3, and Strike 3 "can compete in the industry, but [it] cannot compete when our content is stolen." *Id.* at ¶ 26. To continue to provide value for members, exciting and inspiring projects for adult performers, and to continue to create top paying

jobs and growth in the adult community, Strike 3 must protect its copyrights. *Id.* at ¶ 39.

    B.  <u>Plaintiff Brings Its Litigation in Good Faith</u>

Strike 3 is mindful of the nature of the litigation and its goal is to not disclose publicly the choices that people make regarding the content they wish to enjoy. Moreover, Strike 3 does not seek to force anyone to settle unwillingly, especially anyone that is innocent. *Id.* at ¶ 33. Therefore, Strike 3 only files strong cases against extreme infringers. *Id.* at ¶ 34. Indeed, each lawsuit is brought against infringers that not only engage in illegal downloading, but are also large scale unauthorized distributors of Strike 3's content. *Id.* Strike 3 does not seek settlements unless initiated by a defendant or a defendant's counsel. *Id.* at ¶ 35. Additionally, Strike 3 does not send demand letters. *Id.* Finally, although certainly Strike 3 does not believe anyone should be embarrassed about enjoying Strike 3's works (they just need to pay for that right, not steal it), Strike 3 respects the desire of defendants to keep private their choices regarding the content they choose to enjoy. Accordingly, Strike 3 has a policy to: (1) enter into confidentiality agreements with defendants to facilitate resolution of a case; and (2) stipulate to requests by defendants to the entry of orders in litigation to maintain the confidentiality of a defendant's identity. Thus, Strike 3 is careful to only proceed

to litigation with strong cases, when it has a good faith basis for doing so, and to enforce its rights in a way that is mindful of a defendant's privacy interests.

Strike 3 is a successful adult entertainment company that makes nearly all of its revenue from sales of subscriptions, DVDs and licenses. *Id.* at ¶ 37. Strike 3's goal is to deter piracy (and seek redress for its harmful consequences) and direct those who infringe content to the avenue of legitimately acquiring access to Strike 3's works. *Id*.

**III.   ARGUMENT**

    A. <u>Legal Standard Governing Expedited Discovery Requests To Identify An Anonymous Defendant</u>

The dilemma here has been aptly summarized by this Court: "Strike 3 Holdings wants to bring suit for copyright infringement. But, to do so, it first must identify the Doe defendant. Strike 3 thus asks the Court to issue a third-party discovery subpoena prior to a Rule 26(f) conference." *Strike 3 Holdings, LLC v. Doe*, No. CV 19-10720, 2019 WL 2523591, at *1 (E.D. Mich. June 19, 2019) (granting early discovery). "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), [unless authorized] by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). "[A] district court has the discretion to permit the early issuance of a Rule 45 subpoena prior to a Rule 26(f) conference. This issue arises not infrequently in copyright infringement cases where the identity of the alleged infringer is not known." *Malibu Media, LLC v.*

*John Does 1-9*, No. CV 12-12587, 2013 WL 142083, at *1 (E.D. Mich. Jan. 11, 2013) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2nd Cir. 2012)).

"While courts are split on the standard to be applied in such instances, and the Sixth Circuit has not addressed the issue, several courts in this district have applied a 'good cause' standard to determine whether such discovery should be authorized." *Third Degree Films, Inc. v. Does 1-72*, No. CV 12-14106, 2012 WL 12931709, at *1 (E.D. Mich. Nov. 13, 2012) (collecting cases). Courts generally find such good cause exists using the analysis developed in *Arista*, which considers whether:

> (1) the plaintiff makes a prima facie showing of a copyright infringement claim; (2) the plaintiff submits a specific discovery request; (3) the information sought is limited in scope and not available through alternative means; and (4) there is a minimal expectation of privacy on the part of the defendant.

*Id.* (citing *Arista Records*, 604 F.3d at 119 (citations omitted)). Plaintiff has such good cause to warrant expedited discovery. *See e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. CV 19-11299, 2019 WL 2265171, at *2 (E.D. Mich. May 28, 2019).

> B. <u>There Is Good Cause for this Court to Grant Plaintiff's Motion for Leave to Serve Its Subpoena</u>
>
>   1. *Plaintiff's Complaint Makes A Prima Facie Claim for Direct Copyright Infringement*

To make a prima facie claim for copyright infringement, Plaintiff must show (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff's Complaint accomplishes this, stating: (1) "Plaintiff is the owner of the Works, which [are] an original work of authorship"; (2) "[d]efendant copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol";  and (3) "[a]t no point in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise." *See* Complaint at ¶¶ 35–37.

Plaintiff owns a valid copyright in the Works, which are registered with the United States Copyright Office.  *See* 17 U.S.C. § 410(c); *see also* Complaint at ¶¶ 31–33.  Plaintiff's prima facie allegations of infringement are attested to by Plaintiff's investigator, David Williamson.  *See* Williamson Decl.  Finally, each digital file has been verified to be a copy of one of Plaintiff's copyrighted works. *See* Declaration of Susan B. Stalzer, Exhibit "C."

Plaintiff has also made a plausible prima facie showing of "copying." "'The word 'copying' is shorthand for the infringing of any of the copyright owner's five

7

exclusive rights' described in § 106." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Plaintiff's Complaint alleges that Defendant not only downloaded Plaintiff's works over the BitTorrent network, *see* 17 U.S.C. § 106(1), but also distributed these files to the BitTorrent swarm. *See id.* § 106(3); *see also* Complaint at ¶ 38. Since Plaintiff's complaint pleads a "plausible claim for copyright infringement," *see e.g.*, *Cobbler Nevada, L.L.C. v. Does 1-15*, No. CV 2:15-11871, 2015 WL 4276082, at *2 (E.D. Mich. July 14, 2015), this factor weighs in its favor.

> 2. *Plaintiff Identifies the Limited and Specific Information Its Subpoena Seeks That Is Necessary to Serve Doe Defendant*

Plaintiff's Subpoena is limited and only requests "the true name and address of the Defendant to whom the ISP assigned an IP address . . . ." *Cobbler Nevada*, No. CV 15-11871, 2015 WL 4276082 at *3–4. The information sought in Plaintiff's subpoena is "sufficiently tailored to Plaintiff's limited goal of effectuating service on the Doe Defendant" and thus weighs in favor of granting leave. *Cook Prods., Inc. v. Does 1-9*, No. CV 16-838-DJH, 2017 WL 4077014, at *2 (W.D. Ky. Sept. 14, 2017).

> 3. *There Are No "Alternative Means" to Uncover Doe Defendant's True Identity*

At this early stage in litigation, Plaintiff has a limited view into Defendant's true identity, only having access to the offending IP address. People using the

8

Internet are anonymous to the public, but the ISPs responsible for assigning any given IP address "know who an address is assigned to and how to get in contact with them."[2] Since there is no public registry of what IP addresses correspond to which subscribers, Plaintiff's subpoena is necessary to advancing litigation.  *Cf. Strike 3 Holdings, LLC v. Doe,* No. CV 3:17-1680 (CSH), 2017 WL 5001474, at *4 (D. Conn. Nov. 1, 2017) ("Defendant's ISP . . . is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address . . . during the time of the alleged infringement.") (citation omitted). "Strike 3 cannot learn the subscriber's identity without the subpoenaed information . . . ." *Id.*

Put succinctly, "there is no practicable means to obtain this information other than through the subpoena Plaintiff requests." *Malibu Media, LLC v. John Does 1-31*, 297 F.R.D. 323, 328 (W.D. Mich. 2012). The ISP is the only entity that can correspond a subscriber's identity with his or her IP address, and since Plaintiff "cannot identify [Doe Defendant] without a court-ordered subpoena, . . . there is good cause to allow for early discovery." *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171–72 (S.D.N.Y. 2012).

---

[2]  *Beginner's Guide to Internet Protocol (IP) Addresses* at p. 4, available at https://www.icann.org/en/system/files/files/ip-addresses-beginners-guide-04mar11-en.pdf.;  *American Registry for Internet Numbers Number Resource Policy Manual* at 4.2, available at https://www.arin.net/policy/nrpm.html#four2.

    4. *The Subpoenaed Information Is Necessary to Advance Plaintiff's Infringement Claim*

As previously emphasized, Plaintiff cannot properly serve Defendant without first ascertaining the subscriber's identity from his or her ISP. Plaintiff's ignorance of Defendant's identity is the only reason it is filing this present motion and memorandum. "[T]he identity of the individuals is necessary to move the case forward and without this information, Plaintiff[] would not be able to determine the identities of [the infringer]." *Arista Records, LLC v. Does 1-4*, No. CV 1:07-1115, 2007 WL 4178641, at *3 (W.D. Mich. Nov. 20, 2007). This factor, too, weighs in favor of Plaintiff's motion.

    5. *Defendant's Minimum Privacy Interest Is Substantially Outweighed by Plaintiff's Interest in Protecting Its Copyrights from Mass BitTorrent Infringers*

Finally, Defendant's privacy and free speech rights are not infringed by Plaintiff's subpoena because Defendant "[does] not have a reasonable expectation of privacy in their internet subscriber information." *Third Degree Films, Inc. v. Does 1-72*, No. CV 12-14106, 2012 WL 12931709, at *2 (E.D. Mich. Nov. 13, 2012) (citing *Hard Drive Prods. v. Doe*, No. CV 11-9062, 2012 U.S. Dist. LEXIS 82927 at *10–11 (N.D. Ill. June 14, 2012)); *see also Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) (finding "computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person"); *United States v. Carpenter*, 819 F.3d 880, 887 (6th Cir. 2016), *rev'd and*

*remanded on other grounds*, 138 S. Ct. 2206, 201 L. Ed. 2d 507 (2018) ("[C]ourts have not (yet, at least) extended [Fourth Amendment] protections to the internet analogue to envelope markings, namely the metadata used to route internet communications, like sender and recipient addresses on an email, or IP addresses."). "Defendant has the right to speak anonymously, but Defendant has no right to use the First Amendment as a shield against liability for copyright infringement. To the extent speaking anonymously is a subterfuge used to avoid copyright infringement liability, First Amendment protections do not apply." *Malibu Media LLC v. Doe Subscriber Assigned IP Address 69.244.145.197*, No. CV 13-11432, 2013 WL 12183671, at *2 (E.D. Mich. Sept. 20, 2013).

Moreover, Defendant freely conveyed his or her identifying information to the ISP. *Riding Films, Inc. v. John Does 129-193*, No. CV 2:13-46, 2013 WL 3322221, at *5 (S.D. Ohio July 1, 2013) (finding persuasive a sister court's denial of a motion to quash a similar subpoena because "defendants had no reasonable expectation of privacy in the subpoenaed information because the defendants had already shared that information with the ISP in order to obtain internet service") (collecting cases).

C. Protective Order

In some BitTorrent cases involving adult content, courts have found it appropriate to issue a protective order establishing procedural safeguards such as

11

allowing a defendant to proceed anonymously. *See e.g.*, *Malibu Media LLC v. John Does 1-28*, No. CV 12-12598, 2012 WL 7748917, at *14 (E.D. Mich. Oct. 31, 2012) ("The Court emphasizes that the recommended protective order is out of an 'abundance of caution' —not because the nature of the case necessarily demands one.") (citation omitted). Strike 3 respectfully encourages the Court to establish such procedures here, should the Court find it appropriate.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant leave to Plaintiff to issue a Rule 45 subpoena to Defendant's ISP.

Dated: 09/15/2022                                Respectfully submitted,

**BOROJA, BERNIER & ASSOCIATES PLLC**

/s/ *Joel A. Bernier*
By:  JOEL A. BERNIER (P74226)
Daniel Boroja (P77079)
49139 Schoenherr Rd.
Shelby Township, MI 48315
T: 586-991-7611
F: 586-991-7612
Email: Bbclawgroup@gmail.com
*Attorney for Plaintiff*

## LOCAL RULE CERTIFICATION

I, Joel A. Bernier, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/ *Joel A. Bernier*
By:  JOEL A. BERNIER (P74226)

## LOCAL RULE 7.1(a) CERTIFICATION OF NON-CONFERRAL

Because Defendant's identity is currently unknown, Plaintiff was unable to confer and ascertain consent to the Motion.

/s/ *Joel A. Bernier*
By:  JOEL A. BERNIER (P74226)